**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


KEZIAH M. FORD,

        Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,

        Agency.

DOCKET NUMBER
DA-844E-20-0265-I-1

DATE:  October 22, 2024


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>McRae Cleaveland</u>, Esquire, Dallas, Texas, for the appellant.

<u>Albert Pete Alston, Jr.</u>, Washington, D.C., for the agency.


**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member


**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her application for disability retirement benefits under the Federal Employees' Retirement System (FERS).  For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, REVERSE the initial decision, and ORDER OPM to award a disability retirement annuity to the appellant.

¶2		The appellant began working with the Defense Logistics Agency (DLA) as a Document Management Assistant in 2014.  Initial Appeal File (IAF), Tab 7 at 10-11, 32.  Her duties included interacting with customers and procuring supplies and materials.  *Id.* at 80.

¶3		The appellant was diagnosed with collagenous colitis in 2017.  IAF, Tab 12 at 61.  The appellant was also diagnosed with a post-cervical spine injury with neck fusion and cervical radiculopathy.  IAF, Tab 7 at 103.  The collagenous colitis causes the appellant to experience frequent and severe gastrointestinal issues each day.  IAF, Tab 11 at 27.  The appellant's post-cervical spine injury with fusion and cervical radiculopathy cause consistent and constant pain in the appellant's neck, back, and shoulder.  *Id.* at 28.

¶4		The appellant applied for a FERS disability annuity on August 29, 2018.  IAF, Tab 7 at 57-59.  OPM issued an initial decision denying her application.  *Id.* at 27.  The appellant requested reconsideration of this decision, and OPM issued a reconsideration decision affirming its initial decision.  *Id.* at 12-15, 21.  In reaching this decision, OPM relied on the lack of documented service deficiencies for performance, attendance, or conduct and concluded that the appellant had not proven that she had a medical condition that was incompatible with her performance of useful and efficient service or retention in her position.  *Id.* at 12-14.

¶5		She appealed OPM's reconsideration decision to the Board.  IAF, Tab 1.  The administrative judge issued an initial decision based on the written record, affirming OPM's reconsideration decision, which denied the appellant's application for a FERS disability retirement annuity.  IAF, Tab 16, Initial Decision (ID) at 1-2.  He concluded that the appellant did not establish that: (1) a deficiency in her performance, conduct, or attendance was caused by one or more of her medical conditions; (2) one or more of her medical conditions was

incompatible with either useful and efficient service or retention in her position; and (3) accommodation of her medical conditions would be unreasonable. ID at 27-31.

¶6        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1 at 4-11.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        In an appeal from an OPM decision denying a FERS disability retirement application, the appellant must establish that she meets the following conditions: (1) she completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) the employee did not decline a reasonable offer of reassignment to a vacant position. *Chavez v. Office of Personnel Management*, 111 M.S.P.R. 69, ¶ 6 (2009). Ultimately, the appellant bears the burden of proving by preponderant evidence her entitlement to disability retirement benefits. *Id.*; 5 C.F.R. § 1201.56(b)(2)(ii).

¶8        The record shows, and it is not disputed, that the appellant had completed more than 18 months of civilian service creditable under FERS at the time she filed her application, her medical condition continued for at least 1 year from the date of her application, and she did not decline an offer of reassignment to a vacant position. IAF, Tab 7 at 44, Tab 14 at 111-12; ID at 27. Thus, the appellant's entitlement to a disability retirement annuity depends on whether she

had a disabling medical condition and whether accommodation of the disabling medical condition was unreasonable.

<u>The appellant established that her medical condition was incompatible with useful and efficient service or retention in the position.</u>

¶9    On review, the appellant argues that her medical documentation sufficiently demonstrated that she had a disabling medical condition that was incompatible with her position.  PFR File, Tab 1 at 9.  The second element of establishing entitlement to a disability retirement annuity requires demonstrating that the appellant's disabling medical condition either:  (1) caused a deficiency in performance, attendance, or conduct; or (2) is incompatible with useful and efficient service or retention in the position.  *Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶ 7 (2012); 5 C.F.R. § 844.103(a)(2); *see* 5 U.S.C. § 8451(a)(1)(B).  As applicable here, under the second method, an individual can establish entitlement by showing that the medical condition is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting.  *Jackson*, 118 M.S.P.R. 6, ¶ 8.  In determining an applicant's entitlement to disability retirement, the Board considers all pertinent evidence, including objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence showing the effect of her condition on her ability to perform the duties of her position.  *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 19 (2012).  The ultimate question, based on all relevant evidence, is whether the individual's medical impairments precluded her from rendering useful and efficient service in her position.  *Id.*, ¶ 20.

¶10    The record here includes the position description for the appellant's position as a Document Management Assistant.  IAF, Tab 7 at 79.  Among her duties were advising customers on the proper procedures on how to conduct business with DLA Document Services, responding to routine customer inquiries, and interfacing with DLA Document Services contracting representatives.  *Id.* at 80.

¶11 The appellant's medical providers gave unambiguous statements that the appellant cannot continue to work. The appellant's physician wrote that, "in my opinion, the patient should be retired with disability. She is totally unable to continue her job, even from home because of the severe disabilities with the collagenous colitis and the cervical radiculopathy." *Id.* at 103. The appellant's nurse practitioner echoed these remarks when she wrote that requiring the appellant to work would be impractical because "there are many days she can only lay in bed, and race to the restroom when necessary. . . . [R]equiring her to work at this point would cause extreme hardship, and ultimately exacerbate all of her chronic conditions." IAF, Tab 14 at 112.

¶12 At the time of her disability retirement application, the appellant had a reasonable accommodation that allowed her to telework from home 4 days per week and required her to go to the office 1 day per week. IAF, Tab 11 at 25. Due to her collagenous colitis, the appellant required numerous, sudden trips to the restroom for extended periods of time. *Id.* at 27. The appellant detailed the embarrassment and humiliation she experienced due to this condition. *Id.* The appellant reported that her condition affected not only her time in the office but also negatively impacted her commute to work. *Id.* at 28.

¶13 One of the appellant's job functions was to talk to customers on the telephone. *Id.* When she was at the office, the appellant's symptoms were incompatible with holding telephone calls with customers. *Id.* The appellant spent significant portions of her mornings in the restroom at work, and her supervisor verbally reprimanded her on multiple occasions for being away from her computer for too long. *Id.* The appellant's job duties also included performing inventory, but her post-cervical spine injury and cervical radiculopathy prevented her from being able to lift boxes or crawl under desks to confirm serial numbers. *Id.* In addition, the appellant's cervical radiculopathy caused consistent and constant pain in her neck, back, and shoulder, as well as headaches, migraines, and blurry vision. *Id.* The appellant reported that her

headaches could be so intense that she had to go to the emergency room for treatment. *Id.* Working in front of a computer under white light exacerbated these symptoms. *Id.*

¶14 The appellant also experienced unique challenges when trying to telework from home. The appellant often found it necessary to work out of her bathroom due to her symptoms. *Id.* When she was not working from her bathroom, the appellant would work with the lights off and the curtains drawn, and would recline on the bed or couch to try to minimize the frequency of her headaches. *Id*.

¶15 In light of the evidence discussed above, we find that the appellant has produced competent and unrefuted medical evidence that her conditions precluded her from performing the duties as a Document Management Assistant. Based on the evidence from the appellant's medical providers and her own subjective description of her disabilities, we find that the appellant proved by preponderant evidence that she was precluded from useful and efficient service or retention in her position.

<u>The appellant established that accommodation of the disabling medical condition was unreasonable.</u>

¶16 The administrative judge found that "the agency provided effective reasonable accommodations to the appellant right up until the point she retired." ID at 31 (citing IAF, Tab 7 at 43-44, Tab 11 at 25-29). The administrative judge referenced exhibits acknowledging the existence of the agency's reasonable accommodation that permitted the appellant to telework 4 days per week, but neither of them describes the accommodation as "effective." In addition, the administrative judge noted the lack of reassignment requests made by the appellant or other requests for reasonable accommodation. ID at 31. However, the appellant's burden for this element is to prove that the accommodation for her position was unreasonable, not to request another position or accommodation.

¶17 Although the agency assigned the appellant to a location apart from other employees on days she was required to work in the office, we find that the

appellant's affidavit persuasively explains why her conditions could not be reasonably accommodated in that setting. IAF, Tab 11 at 25, 27-28. When she teleworked, her conditions caused her to work out of her bathroom for significant periods of time. *Id.* at 28. When she was not working out of the bathroom, the appellant had to work in darkness from a supine position. *Id.* Taken together, we find that the appellant has provided preponderant evidence that she was physically unable to perform the duties of her position, and no reasonable accommodation could have assisted her in performing these duties.

¶18 The appellant has therefore met all the criteria for disability retirement under FERS and is entitled to a disability retirement annuity. Accordingly, we reverse the initial decision and do not sustain OPM's reconsideration decision.

**ORDER**

¶19 We ORDER OPM to award the appellant a disability retirement annuity. OPM must complete this action no later than 20 days after the date of this decision.

¶20 We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶21 No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

¶22     This is the final decision of the Merit Systems Protection Board in this appeal.  5 C.F.R. § 1201.113(c).

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                                  Gina K. Grippando
                                                  Clerk of the Board

Washington, D.C.